Mamta Ahluwalia (Bar No. 245992)
**HKM EMPLOYMENT ATTORNEYS LLP**
453 S. Spring Street, Suite 1008
Los Angeles, California 90013
Tel/Fax: 213.259.9950
Email: mahluwalia@hkm.com

Barbara E. Figari (Bar No. 251942)
**THE FIGARI LAW FIRM**
9431 Haven Avenue, Suite 100
Rancho Cucamonga, CA 91730
Telephone:   626.486.2620
Facsimile:   877.459.3540
Email:       barbara@figarilaw.com

Attorneys for Plaintiff
Alice Vysata

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

ALICE VYSATA,

Plaintiff,

v.

APARTMENT RENTAL ASSISTANCE, II, INC. et al.

Defendants.

CASE NO.:  18-cv-06157-JAK-RAO

**[PROPOSED] ORDER GRANTING PLAINTIFF ALICE VYSATA'S MOTION FOR SANCTIONS**

[

Judge: Hon. Rozella A. Oliver

Hearing Date:  January 9, 2019
Time:          10:00 a.m.
Ctrm:          590

Plaintiff seeks sanctions against Defendants' counsel Kenneth Chase, admitted *pro hac vice* to this Court, due to Mr. Chase's refusal to abide by this Court's Orders, for making material misrepresentations to the Court, for the unauthorized use of Plaintiff's

counsel's signature on a report submitted to the Court, and for bringing frivolous motions after the Court has already ruled on specific matters.

Plaintiff brought this motion for sanctions pursuant to 28 U.S.C. § 1927, Local Rule 83-7, and the Court's inherent powers, and is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Barbara Figari, the papers, records, and pleadings on file in this case, and on such oral argument as the Court may allow. Prior to bringing this motion, the parties engaged in a conference pursuant to Local Rule 7-3 on December 5, 2018.

After considering all moving, opposition and reply papers, this Court finds that Mr. Chase should be sanctioned at $4,975.02 ($2,487.51 in attorney's fees and costs to Plaintiff's counsel, and an equal amount to this Court) for this conduct, as a deterrent from it continuing to occur in this litigation. Mr. Chase must pay these sanctions within ten (10) days from the date of this Order.

**Findings of Fact**

A. **Mr. Chase Has Refused to Abide by Court Orders and Filed Frivolous Motions With this Court**

Mr. Chase has repeatedly refused to abide by this Court's orders, the Federal Rules of Civil Procedure, Local Rules and has filed frivolous and duplicative motions.

On August 1, 2018, the Court issued Order Setting Rule 16(b)/26(f) Scheduling Conference, which specified that "[d]iscovery is not stayed prior to the Scheduling Conference or after dates have been set unless otherwise ordered by the Court." [Dkt. 13].

Plaintiff propounded written discovery on Defendants on August 31, which consisted of one set of requests for production of documents and one set of special interrogatories to each Defendant.

On September 24, Defendants filed a motion to stay, which was set for hearing on November 5 along with Defendants' motion to dismiss. [Dkt. 27].

On September 24, this Court also held a Scheduling Conference in this case.  During the Conference, the Court made clear that this litigation was *not* stayed, and to that end, set several pretrial dates, including discovery cutoff and final motion hearing dates.  [Dkt. 28].

On September 30, 2018, in response to Plaintiff's discovery requests, each Defendant provided objections only, which stated, in summary, that responses would not be provided given that Defendants were requesting a stay and/or dismissal in this action, and repeated a lengthy legal argument derived from Defendants' motion papers.

Defendants also failed to timely provide initial disclosures in this case.  Plaintiff's counsel wrote to Mr. Chase on two separate occasions, requesting that he provide Defendants' initial disclosures.  These letters were sent on September 24 and October 22.  Finally, only after counsel stated that a motion for sanctions would be forthcoming, Mr. Chase emailed Defendants' initial disclosures on October 24 – seven weeks after they were due, claiming they were served 4 months previously, on June 25, 2018 even though no action was pending in this Court at the time.[1]

Despite Plaintiff's October 22 meet and confer letter to Mr. Chase regarding the lack of substantive responses to discovery and asking Defendants to supplement those responses, Defendants failed to take any action.

On November 5, at a hearing on several motions before the Court, including Defendants' Motion to Stay, the Court specifically stated that *the matter was not stayed*.   In a minute order issued after the November 5 hearing, Judge Kronstadt's noted:

> With respect to the Motion to Stay, there has not been an adequate showing that these proceedings must be stayed pending disposition of the Motion to Dismiss or Transfer.

[Dkt. 41, fn. 1].

---

[1] In the email containing the initial disclosures, Mr. Chase claimed they were served 4 months previously, on June 25, 2018. This is a false statement.  Initial disclosures in the *Florida* litigation were exchanged on that date.  Moreover, Defendants' initial disclosures in the California case were different than anything served in the Florida case. Finally, the parties filed a Joint Report on October 12, 2018 wherein Defendants agreed they had not yet served Initial Disclosures – any idea that they had "already" been served was an attempt at revisionist history after Plaintiff stated she would be moving for sanctions.

On November 8, Plaintiff's counsel sent a second meet and confer letter to Mr. Chase regarding Defendants' discovery responses, having gotten no response to the October 22 letter. However, despite the Court's ruling on November 5, Mr. Chase continued to take the position in correspondence with Plaintiff's counsel on November 8 that Defendants did not need to supplement/provide substantive responses because of a "forthcoming Motion for Protective Order" that would be heard by Judge Oliver.

On November 9, Mr. Chase moved forward with a telephonic informal discovery asking the court for a protective order, *for the same reasons articulated in Defendants' Motion to Stay* heard by Judge Kronstadt. During the telephonic conference on November 9, this Court began by inquiring about whether the entire issue of Defendants' motion for protective order was moot in light of Judge Kronstadt's statements on the record during the November 5, 2018 hearing on the parties' respective motions. Defendant's counsel, Mr. Chase, proceeded to request a protective order, again arguing that the matter should be stayed because the Florida and California cases were "inextricably intertwined" and were based upon the "same nuclei of operative facts," which were the *same* basis previously argued to Judge Kronstadt on November 5. This Court denied Mr. Chase's motion for a protective order on November 9 and again noted that the case was not stayed, citing the prior hearing and ruling in front of Judge Kronstadt on November 5 on the exact same issue. The Court further stated that due to Defendants' persisting with the motion the Court would entertain a motion for attorney's fees and costs.

Additionally, during this call, the Court provided suggestions as to how Defendants could respond to the outstanding discovery to the extent they found it duplicative, i.e., responding by simply noting Bates-numbers of documents already produced to avoid duplication. The Court likewise stated that if Defendants filed another motion for protective order, discovery would not be stayed in abeyance while that was heard.

Plaintiff's counsel sent a follow-up meet and confer letter to Defendants' counsel on November 9, reiterating these suggestions, and requesting that Defendants provide responses to the discovery propounded on August 31. Mr. Chase refused to do so, and to date, has not provided any supplemental responses to the discovery.

Undeterred by a **third**, clear indication by the Court that discovery was not stayed and that Defendants were obligated to provide substantive responses to discovery, Mr. Chase continued to ignore the Court's directive.  The only "response" received from Mr. Chase to any meet and confer efforts were uncivilized personal attacks on counsel, without addressing the substantive issues regarding discovery.

Accordingly, Plaintiff's counsel requested a discovery conference with the Court, which was held on December 6, regarding Defendants' refusal to provide substantive responses to any of the discovery served on August 31.  On December 6, Mr. Chase once again wrote to Judge Oliver stating prior to the hearing, and stated all the reasons why discovery should not go forward.

During the telephonic hearing of December 6, this Court ordered Defendants to respond Plaintiff's discovery by December 20. [Dkt No. 51].  To date, no supplemental responses have yet been received.

Despite the fact that discovery has not been stayed in this matter at any time, Mr. Chase has nevertheless repeatedly refused to abide by his discovery obligations in complete disregard of this Court's authority and orders, causing at least two additional telephonic hearings with this Court, in addition to countless efforts by counsel to meet and confer and brief the issues.

**B.  Mr. Chase Has Made Material Misrepresentations to this Court.**

On November 5, 2018, the Court (Hon. Judge Kronstadt) asked the parties to provide a joint report on the status of the November 19 hearing in the Florida state court action.  Plaintiff and Defendants had difficulty agreeing to a joint report.  Defendants refused to agree to the draft joint report proposed by Ms. Vysata, in part, because Ms. Vysata's version stated that although the Florida court did not rule on the merits of her motion to dismiss for forum non conveniens, the Florida court *did* rule that her motion was not time barred.  (In the Florida state court, ARA and Menowitz had argued that Ms. Vysata'a motion to dismiss for forum non conveniens was time barred because she filed it 60 days after service of process of the complaint in violation of Florida Rule of Civil Procedure 1061(g).)

As a result, Plaintiff ultimately submitted her own report and clearly indicated that it was not a joint report. [Dkt. No. 46]. Defendants then filed with the Court a version of the joint report that Plaintiff's counsel previously said was *not* acceptable, called it a "joint report," and then affixed the caption and signature of Barbara Figari (plaintiff's counsel) *without her permission or consent*. [Dkt. No. 47]. This was highly improper.[2]

Further, Defendants then attached an email exchange between counsel where Mr. Chase tells plaintiff's counsel and (by attaching the email discussion), this Court, that the Florida state court <u>never</u> held that 60-day rule of Fla. R. Civ. P. 1061(g) was inapplicable. [Exhibit 1 to Dkt. No. 47]. In that email exchange, defense counsel stated:

> I have no idea why you are falsely representing to the Court that Judge Nutt held "anything." Have you even reviewed the case law on the 60 day rule for the MTD forum non conveniens? Of course not. Judge Nutt did not "hold" anything. He didn't rule [on the issue of whether the 60-day rule barred Vysata's motion for forum non conveniens].

[Exhibit 1 to Dkt. No. 47]

However, the Florida state court *did in fact rule that Vysata's motion to dismiss was not time barred by the 60-day rule in the Florida rules of civil procedure:*

> THE COURT: The one ruling I'm going to make today is I don't think the 60-day rule is a bar.

[Declaration of Counsel Barbara E. Figari, Exhibit 1, at 56:9-14].

By refusing to agree to the statement about the what the Court said, and by attaching an email exchange stating that the Florida court never ruled on whether the 60-day rule was a bar, Mr. Chase made a material misrepresentation to this Court, then signed counsel's name to this misrepresentation without permission. This conduct is a flagrant violation of Federal statutes, the Federal Rules of Civil Procedure, and the Local Rules of this Court.

### C. Mr. Chase Refuses to Abide by the Rules of Civility Expressly Cited by this Court.

---

[2] Only after Plaintiff's counsel filed an Objection to Docket No. 47, and had a 35 minute telephonic meet and confer call with Defendant's counsel about this motion for sanctions, did Defendant's counsel file a "Clarification" regarding to Docket No. 47.

In addition, Mr. Chase has failed to abide by the rules of civility as instructed by this Court. Specifically, in the September 24, 2018 status conference, this Court directed that all counsel should be familiar with the Civility Guidelines published by the State Bar. In Section 4 of the Guidelines, regarding communications with counsel, the guidelines provide that "[a]n attorney should not disparage the intelligence, integrity, ethics, morals or behavior of the court or other counsel…an attorney should avoid hostile, demeaning or humiliating words." Mr. Chase's emails to counsel are nothing but disparaging and derogatory, outright stating that counsel's "credibility is gone" and that "of course" counsel has not reviewed documents or read rulings. This harassing and abusive behavior must stop.

**Ruling**

**A. Sanctions Are Warranted Under 28 U.S.C. § 1927.**

Any attorney "who so *multiplies the proceedings* in any case *unreasonably and vexatiously* may be required by the court to satisfy personally the *excess* costs, expenses, and attorneys' fees reasonably incurred because of such conduct." (28 U.S.C. § 1927, emphasis added). Sanctions under this section are specifically authorized when the attorney's conduct has resulted in unnecessary proceedings, and/or where an attorney repeats arguments that have been previously rejected by the Court. (*Welk v. GMAC Mortg., LLC* (8th Cir. 2013) 720 F.3d 736, 738-739; *United States Commodity Futures Trading Comm'n v. Lake Shore Asset Mgmt. Ltd.* (ND IL 2008) 540 F.Supp.2d 994, 1015 (stating that counsel "play with fire" when they raise the same arguments over and over and fail to acknowledge prior adverse ruling). This is particularly true where the sanctions are based, as here, on *conduct that occurred in the court's presence.* (*Lamboy-Ortiz v. Ortiz-Velez* (1st Cir. 2010) 630 F.3d 228, 245-246).

Either bad faith or recklessness suffices for section 1927 sanctions, whereas a finding of bad faith is essential for sanctions imposed under the district court's inherent authority. (*See Lahiri v. Universal Music & Video Distribution Corp.* (9th Cir. 2010) 606 F.3d 1216, 1219 (sanctions imposed under both § 1927 and court's inherent power); *Jones v. Illinois Central R.R. Co.* (6th Cir. 2010) 617 F.3d 843, 856 (finding that an attorney's "reckless" conduct supported finding of unreasonable and vexatious conduct under § 1927).

Sanctions are appropriate where, as here, an attorney "pursued a path that a *reasonably careful attorney* would have known, after appropriate inquiry, to be unsound." (*Jolly Group, Ltd. V. Medline Indus., Inc.* (7th Cir. 2006) 435 F.3d 717, 720). In this case, a reasonably careful attorney would not have engaged in *any* of the conduct Mr. Chase has perpetrated. First, Mr. Chase provided and objections-only response to propounded discovery, largely on the basis that discovery should be stayed, less than a week *after* the Status Conference where the Court stated the case was not stayed and set pretrial dates. Then on November 9, Mr. Chase move forward with a protective order seeking a stay, even after the November 5 hearing on Defendants' Motion to Stay, where the Court categorically indicated that the matter was not stayed, and despite this Court beginning the discovery conference on November 9 by specifically inquiring as to whether the matter was moot given Judge Kronstadt's ruling at the November 5 hearing.

Thereafter, Mr. Chase filed a so-called "Joint" status report that made material misrepresentations to the Court. First, Mr. Chase included the signature of Plaintiff's counsel, which he was unauthorized to do. Mr. Chase filed this report with Plaintiff's counsel's information on the caption, and with the signature of Barbara Figari, one of Plaintiff's attorneys. Mr. Chase had specifically been told in an email prior to the filing that Plaintiff *did not agree to this version of the report.* [Dkt. No. 47, Exhibit 1, p. 4 (email from Plaintiff's counsel Mamta Ahluwalia at 4:17 p.m. stating Plaintiff's counsel did not agree to the re-writing of the joint statement because of the misrepresentation about the proceedings before Judge Nutt in Florida)]. Mr. Chase refused to agree to a version of the joint report where Plaintiff requested he move this misrepresentation to Defendant's section. [Dkt. No. 47, Exhibit 1, p. 1 (email from Kenneth Chase at 11:18 p.m.)]. Instead of merely either (a) agreeing to move this representation to Defendants' section or (b) filing a report on behalf of his own client, Mr. Chase presented this as a joint report, and stated in this report that "Judge Nutt did not issue a ruling on any of the motions." [Dkt. No. 47]. This is false. Judge Nutt specifically ruled that Plaintiff's motion for forum non conveniens was timely, and not barred by the 60 day rule. (Exh. 1 to Figari Decl. at 56:9-14). Mr. Chase continued this blatant misrepresentation to this Court, by inclusion of his

email correspondence, arguing that the Florida court did not rule as to the timeliness of Plaintiff's motion for forum non conveniens in the Florida state case.  On the contrary, the *only* matter the Florida court ruled on thus far – as made clear in the transcript of proceedings *ordered by Mr. Chase* – was that Ms. Vysata's motion for forum non conveniens was not time-barred.  (*Id.*).  Mr. Chase's statement in the report, inclusion of Plaintiff's counsel's signature, and inclusion of the emails where he argues otherwise, constitutes a material misrepresentation to the Court.

While the Court must provide Mr. Chase an "opportunity to be heard," this does not require an oral or evidentiary hearing.  The opportunity to brief the issue fully satisfies due process requirements. (*Pacific Harbor Capital, Inc. .v Carnival Air Lines, Inc.* (9th Cir. 2000) 210 F.3d 1112, 1118).  The Court may include in a section 1927 sanctions award the fees, costs and expenses incurred by the opposing party to obtain the award. "After all, those costs are, in the statute's terms, 'incurred because of such conduct." (*Norelus v. Denny's, Inc.* (11th Cir. 2010) 628 F.3d 1270, 1298).

## B.  Sanctions Are Warranted Under Local Rule 83-7.

Local Rule 83-7 provides for the imposition of monetary sanctions or any other sanctions deemed appropriate for "willful, grossly negligent or reckless violations" of local rules, plus costs and fees to opposing counsel for "bad faith" conduct in violation of local rules or willful disobedience of a Court Order.  Local Rule 11-9 further provides that "[t]he presentation to the Court of frivolous motions or opposition to motions (or the failure to comply fully with this rule) subjects the offender at the discretion of the Court to the sanctions of L.R. 83-7.

Further, L.R. 7-17 provides as follows:

> If any motion, application or petition has been made to any judge of this Court and has been denied in whole or in part or has been granted conditionally or on terms, any subsequent motion for the same relief in whole or in part, whether upon the same or any allegedly different state of facts, shall be presented to the same judge whenever possible. If presented to a different judge, it shall be the duty of the moving party to file and serve a declaration setting forth the material facts and circumstances as to each prior motion, including the date and judge involved in the prior motion, the ruling, decision, or order made, and

9

the new or different facts or circumstances claimed to warrant relief and why such facts or circumstances were not shown to the judge who ruled on the motion. Any failure to comply with the foregoing requirements shall be the basis for setting aside any order made on such subsequent motion, either sua sponte or on motion or application, and the offending party or attorney may be subject to the sanctions provided by L.R. 83-7.

Mr. Chase willfully violated this Court's Order and filed frivolous motions seeking a stay despite the Court clearly stating that the matter was not stayed. Despite this Court's statement on September 24, rulings on November 5 and 9 regarding a stay, Mr. Chase refused to substantively respond to discovery, forcing Plaintiff to seek an informal discovery conference on December 6, prior to which Mr. Chase once again sent an email to this Court stating why discovery should be stayed. During the call itself, Mr. Chase *again* reiterated his argument already thrice-rejected by the Court that the action was stayed. Finally, as noted, Mr. Chase submitted a filing he represented to the Court as "Joint" [Dkt. No. 47], using the caption of *Plaintiff's* counsel, bearing counsel's signature he did not have permission to use, and containing material misrepresentations to this Court about the status of the Florida litigation.

## C. The Court May Issue Sanctions Pursuant to Its Inherent Authority for Mr. Chase's Conduct.

Federal courts have inherent power to impose sanctions against both attorneys and parties for "bad faith" conduct in litigation or for "willful disobedience" of a court order. (*Chambers v. NASCO, Inc.*(1991) 501 U.S. 32, 43; *Roadway Express, Inc. v. Piper* (1980) 447 U.S. 752, 767-766.

"Bad faith" conduct may be sanctioned under the court's inherent powers even if it is also sanctionable under other rules. Although *Chambers* seems to use the terms "bad faith, vexatiously, wantonly or for oppressive reasons" disjunctively, each is apparently subsumed under the rubric "bad faith conduct." (*Chambers v. NASCO, Inc., supra*, 501 U.S. at 42-44). The Court's inherent powers "are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs, so as to achieve the orderly and expeditious disposition of cases. (*Id.* at 43).

"These other mechanisms, taken alone or together, are not substitutes for the inherent

10

power, for that power is both broader and narrower than other means of imposing sanctions." (*Id.* at 48-48). The Court need not break out conduct by rule or statute violation – indeed it may properly impose sanctions for the *entire course of conduct* under its inherent powers. (*Id.*; *see also Woodson v. Surgitek* (5th Cir. 1995) 57 F.3d 1406, 1418; *Farmer v. Banco Popular of North America* (10th Cir. 2015) 791 F.3d 1246, 1257 (holding where sanction for bad faith conduct rests "in substantial portion" on inherent authority, court need not attribute part to any particular statute or rule).

Mr. Chase's conduct in this case is intentional, repeated, and designed to misrepresent facts to this Court. His conduct constitutes the epitome of bad faith and is hereby sanctioned accordingly.

Dated: January 9, 2018                    **IT IS SO ORDERED.**

_____

THE HONORABLE ROZELLA A. OLIVER