Mamta Ahluwalia (Bar No. 245992)
**HKM EMPLOYMENT ATTORNEYS LLP**
453 S. Spring Street, Suite 1008
Los Angeles, California 90013
Tel/Fax: 213.259.9950
Email: mahluwalia@hkm.com

Barbara E. Figari (Bar No. 251942)
**THE FIGARI LAW FIRM**
9431 Haven Avenue, Suite 100
Rancho Cucamonga, CA 91730
Telephone:    626.486.2620
Facsimile:    877.459.3540
Email:        barbara@figarilaw.com

Attorneys for Plaintiff
Alice Vysata

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICE VYSATA, <br><br> Plaintiff, <br><br> v. <br><br> MARC MENOWITZ, An Individual; and APARTMENT RENTAL ASSISTANCE II, INC. dba APARTMENT CORP. <br><br> Defendants. | CASE NO.: 18-cv-06157-JAK-RAO <br><br> **PLAINTIFF ALICE VYSATA'S NOTICE OF MOTION AND MOTION FOR SANCTIONS** <br><br> **[Filed Concurrently with Plaintiff's Memorandum of Points and Authorities and Declaration of Barbara E. Figari]** <br><br> Hearing Date: April 1, 2019 <br> Time:             8:30 a.m. <br> Ctrm:             10B |

1

1    TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF

2    RECORD:

3            PLEASE TAKE NOTICE that at 8:30 a.m. on April 1, 2019, or as soon

4    thereafter as the matter may be heard before the Honorable John A. Kronstadt, United

5    District Court for the Central District of California, First Street Courthouse, 350 W. First

6    Street, Courtroom 10B, Los Angeles, CA 90012, Plaintiff Alice Vysata ("Plaintiff") will

7    and hereby does move the Court for an Order of sanctions against Defendants' counsel,

8    Kenneth Chase, admitted on a *pro hac vice* status to practice before this Court.

9    Specifically, Plaintiff seeks sanctions in the form of attorney's fees and costs incurred due

10   to Mr. Chase's refusal to abide by this Court's Orders, for bringing frivolous motions after

11   the Court has already ruled on specific matters, and for making material misrepresentations

12   to the Court.  Mr. Chase should be sanctioned at least $4,975.02 ($2,487.51 in attorney's fees

13   and costs to Plaintiff's counsel, and an equal amount to this Court) for this conduct, as a

14   deterrent from it continuing to occur in this litigation.  In the alternative, this Court should

15   rescind the order granting Mr. Chase's *pro hac vice* application in this case.

16           Sanctions are sought pursuant to 28 U.S.C. § 1927,Federal Rule of Civil Procedure

17   37, and the Court's inherent powers, and is based on this Notice, the accompanying

18   Memorandum of Points and Authorities, the Declaration of Barbara Figari, the papers,

19   records, and pleadings on file in this case, and on such oral argument as the Court may allow.

20           Pursuant to L.R. 7-3, this motion is made following the conference of counsel which

21   took place on December 5, 2018.

22

23   DATED:      January 24, 2019              HKM EMPLOYMENT ATTORNEYS LLP
                                               THE FIGARI LAW FIRM
24

25

26                                             /s/ Barbara E. Figari
                                               *Attorneys for Plaintiff*
27

28

PLAINTIFF ALICE VYSATA'S NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST DEFENDANTS'
COUNSEL KENNETH CHASE

1  Mamta Ahluwalia (Bar No. 245992)
   **HKM EMPLOYMENT ATTORNEYS LLP**
2  453 S. Spring Street, Suite 1008
   Los Angeles, California 90013
3  Tel/Fax: 213.259.9950
   Email: mahluwalia@hkm.com
4

5  Barbara E. Figari (Bar No. 251942)
   **THE FIGARI LAW FIRM**
6  9431 Haven Avenue, Suite 100
   Rancho Cucamonga, CA 91730
7  Telephone:   626.486.2620
   Facsimile:    877.459.3540
8  Email:         barbara@figarilaw.com
9

10 Attorneys for Plaintiff
   Alice Vysata
11

12                    **UNITED STATES DISTRICT COURT**

13                    **CENTRAL DISTRICT OF CALIFORNIA**

14

15 ALICE VYSATA,                          CASE NO.:  18-cv-06157-JAK-RAO

16                Plaintiff,              **PLAINTIFF ALICE VYSATA'S**
                                          **MEMORANDUM OF POINTS AND**
17            v.                          **AUTHORITIES IN SUPPORT OF**
                                          **MOTION FOR SANCTIONS**
18
   MARC MENOWITZ, An Individual; and      **[Filed Concurrently with Notice of**
19 APARTMENT RENTAL ASSISTANCE II,        **Motion and Declaration of Barbara E.**
   INC. dba APARTMENT CORP.               **Figari]**
20
                                          Hearing Date:  April 1, 2019
21                Defendants.             Time:           8:30 a.m.
                                          Ctrm:           10B
22

23

24

25

26

27

28

PLAINTIFF ALICE VYSATA'S NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST DEFENDANTS'
COUNSEL KENNETH CHASE

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................. 1

II.     STATEMENT OF RELEVANT FACTS ............................................. 1

        A.      Mr. Chase Has Refused to Abide by Court Orders. ............................ 1

        B.      Mr. Chase Has Made Material Misrepresentations to this Court. ........ 2

        C.      Mr. Chase Refuses to Abide by the Rules of Civility Expressly
                Cited by this Court. ........................................................................... 3

III.    LEGAL ARGUMENT ......................................................................... 3

        A.      Sanctions Are Warranted Under 28 U.S.C. § 1927. ................................. 3

        B.      The Court May Issue Sanctions Pursuant to Its Inherent
                Authority for Mr. Chase's Conduct. ................................................... 5

IV.     CONCLUSION .................................................................................... 5

# TABLE OF AUTHORITIES

## STATUTES

28 U.S.C. § 1927 .................................................................................5

Fla. R. Civ. P. 1061(g) .......................................................................4

## UNITED STATES SUPREME COURT CASES

*Chambers v. NASCO, Inc.*(1991) 501 U.S. 32 ...................................5

*Roadway Express, Inc. v. Piper* (1980) 447 U.S. 752 .......................5

## CASES

*Farmer v. Banco Popular of North America* (10th Cir. 2015) 791 F.3d 1246 ................6

*Jolly Group, Ltd. V. Medline Indus., Inc.* (7th Cir. 2006) 435 F.3d 717 .........................3

*Norelus v. Denny's, Inc.* (11th Cir. 2010) 628 F.3d 1270 ...................5

*Pacific Harbor Capital, Inc. .v Carnival Air Lines, Inc.* (9th Cir. 2000) 210 F.3d 1112....................................................................................................5

*Woodson v. Surgitek* (5th Cir. 1995) 57 F.3d 1406 .........................5

## I.     INTRODUCTION

Defendants' counsel Kenneth Chase has repeatedly ignored the Orders of this Court and made material misrepresentations in documents filed with the Court, including falsely placing Plaintiff's counsel's signature on documents filed with the Court, despite being explicitly told he did *not* have permission to do so.  Mr. Chase, in the course of three months, has engaged in a litany of behavior that violates United States statutes, Federal Rules of Civil Procedure, and the Local Rules of this Court.  Mr. Chase should be sanctioned at least $4,975.02 ($2,487.51 in attorney's fees and costs to Plaintiff's counsel, and an equal amount to this Court) for this conduct, as a deterrent from it continuing to occur in this litigation.  In the alternative, Plaintiff requests this Court rescind its order granting Mr. Chase's *pro hac vice* application in this case.

## II.     STATEMENT OF RELEVANT FACTS

Mr. Chase has ignored Orders of this Court and made material misrepresentations in documents filed with the Court.  Each of these acts, by itself, would warrant sanctions, and taken together, makes clear that sanctions are perhaps the only consequence that will deter Mr. Chase from continuing to engage in this conduct.  Each of these acts will be addressed in turn.

### A. Mr. Chase Has Refused to Abide by Court Orders.

First, Mr. Chase refused to abide by this Court's pretrial order.  Specifically, on September 25, 2018 this Court entered a pretrial order requiring all parties to exchange initial disclosures no later than September 6, 2018.  Plaintiff timely sent her initial disclosures to Defendants.  Mr. Chase, however, neglected to do so.  Plaintiff's counsel wrote to Mr. Chase on two separate occasions, requesting that he provide Defendants' initial disclosures.  These letters were sent on September 24 and October 22.  Finally, only after counsel stated that a motion for sanctions would be forthcoming, Mr. Chase emailed Defendants' initial disclosures on October 24 – seven weeks after they were due.[1]  Regrettably, this was only the beginning of Mr. Chase's refusal to abide by the Rules and Orders of this Court.

---

[1] In the email containing the initial disclosures, Mr. Chase claimed they were served 4 months previously, on June 25, 2018. This is a false statement.  Initial disclosures in the *Florida* litigation were exchanged on that date.  Moreover, Defendants' initial disclosures in the California case were different than anything served in the Florida case. Finally, the parties filed a

**B.  Mr. Chase Has Made Material Misrepresentations to this Court.**

This Court asked the parties to provide a joint report on the status of the November 19 hearing in the Florida state court action.  Plaintiff and Defendants had difficulty agreeing to a joint report.  Defendants refused to sign the draft joint report proposed by Ms. Vysata, in part, because Ms. Vysata's version stated that although the Florida court did not rule on the merits of her motion to dismiss for forum non conveneins, the Florida court *did* rule that her motion was not time barred.  In the Florida state court, ARA and Menowitz had argued that Ms. Vysata'a motion to dismiss for forum non conveniens was time barred because she filed it 60 days after service of process of the complaint in violation of Florida Rule of Civil Procedure 1061(g).

Plaintiff ultimately submitted her own report and clearly indicated that it was not a joint report. [Dkt. No. 46].  Defendants then filed with the Court a version of the joint report that Plaintiff's counsel previously said was *not* acceptable, called it a "joint report," and then affixed the caption and signature of Barbara Figari (plaintiff's counsel) *without her permission or consent*. [Dkt. No. 47].  This was highly improper.[2]

Further, Defendants then attached an email exchange between counsel where Mr. Chase tells plaintiff's counsel and (by attaching the email discussion) this Court that the Florida state court <u>never</u> held that 60-day rule of Fla. R. Civ. P. 1061(g) was inapplicable. [Exhibit 1 to Dkt. No. 47].  In that email exchange, defense counsel stated:

> I have no idea why you are falsely representing to the Court that Judge Nutt held "anything."  Have you even reviewed the case law on the 60 day rule for the MTD forum non conveniens? Of course not.  Judge Nutt did not "hold" anything.  He didn't rule [on the issue of whether the 60-day rule barred Vysata's motion for forum non conveniens].

[Exhibit 1 to Dkt. No. 47]

But the Florida state court *did in fact rule that Vysata's motion to dismiss was not time barred by the 60-day rule in the Florida rules of civil procedure:*

Joint Report on October 12, 2018 wherein Defendants agreed they had not yet served Initial Disclosures – any idea that they had "already" been served was an attempt at revisionist history after Plaintiff stated she would be moving for sanctions.

[2] Only after Plaintiff's counsel filed an Objection to Docket No. 47, and had a 35 minute telephonic meet and confer call with Defendant's counsel about this motion for sanctions, did Defendant's counsel file a "Clarification" regarding to Docket No. 47.

PLAINTIFF ALICE VYSATA'S NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST DEFENDANTS' COUNSEL KENNETH CHASE

THE COURT: The one ruling I'm going to make today is I don't think the 60-day rule is a bar.

[Declaration of Counsel Barbara E. Figari, Exhibit 1, at 56:9-14].

By refusing to agree to the statement about the what the Court said, and by attaching an email exchange stating that the Florida court never ruled on whether the 60-day rule was a bar, Mr. Chase made a material misrepresentation to this Court, then signed counsel's name to this misrepresentation without permission. This conduct is a flagrant violation of Federal statutes, the Federal Rules of Civil Procedure, and the Local Rules of this Court.

## C. Mr. Chase Refuses to Abide by the Rules of Civility Expressly Cited by this Court.

In addition, Mr. Chase has failed to abide by the rules of civility as instructed by this Court. Specifically, this Court stated that all counsel should be familiar with the Civility Guidelines published by the State Bar. In Section 4 of the Guidelines, regarding communications with counsel, the guidelines provide that "An attorney should not disparage the intelligence, integrity, ethics, morals or behavior of the court or other counsel…an attorney should avoid hostile, demeaning or humiliating words." Mr. Chase's emails to counsel are nothing but disparaging and derogatory, outright stating that counsel's "credibility is gone" and that "of course" counsel hasn't reviewed documents or read rulings. This is, regrettably, typical of Mr. Chase's behavior throughout this litigation. This harassing and abusive behavior must stop.

## III.   LEGAL ARGUMENT

### A. Sanctions Are Warranted Under 28 U.S.C. § 1927.

Sanctions are appropriate where, as here, an attorney "pursued a path that a *reasonably careful attorney* would have known, after appropriate inquiry, to be unsound." (*Jolly Group, Ltd. V. Medline Indus., Inc.* (7th Cir. 2006) 435 F.3d 717, 720). In this case, a reasonably careful attorney would not have engaged in *any* of the conduct Mr. Chase has perpetrated.

1   Mr. Chase filed a so-called "Joint" status report that made material misrepresentations to
2   the Court.  First, Mr. Chase included the signature of Plaintiff's counsel, which he was
3   unauthorized to do.  Mr. Chase filed this report with Plaintiff's counsel's information on the
4   caption, and with the signature of Barbara Figari, one of Plaintiff's attorneys.  Mr. Chase had
5   specifically been told in an email prior to the filing that Plaintiff *did not agree to this version of*
6   *the report*. [Dkt. No. 47, Exhibit 1, p. 4 (email from Plaintiff's counsel Mamta Ahluwalia at
7   4:17 p.m. stating Plaintiff's counsel did not agree to the re-writing of the joint statement because
8   of the misrepresentation about the proceedings before Judge Nutt in Florida)].  Mr. Chase
9   refused to agree to a version of the joint report where Plaintiff requested he move this
10  misrepresentation to Defendant's section. [Dkt. No. 47, Exhibit 1, p. 1 (email from Kenneth
11  Chase at 11:18 p.m.)].  Instead of merely either (a) agreeing to move this representation to
12  Defendants' section or (b) filing a report on behalf of his own client, Mr. Chase presented this as
13  a joint report, and stated in this report that "Judge Nutt did not issue a ruling on any of the
14  motions." [Dkt. No. 47].  *This is false*.  Judge Nutt specifically ruled that Plaintiff's motion for
15  forum non conveiens was timely, and not barred by the 60 day rule. (Exh. 1 to Figari Decl. at
16  56:9-14).  Mr. Chase continued this blatant misrepresentation to this Court, by inclusion of his
17  email correspondence, arguing that the Florida court did not rule as to the timeliness of
18  Plaintiff's motion for forum non conveniens in the Florida state case.  On the contrary, the *only*
19  matter the Florida court ruled on thus far – as made clear in the transcript of proceedings
20  *ordered by Mr. Chase* – was that Ms. Vysata's motion for forum non conveniens wasa timely.
21  (*Id.*).  Mr. Chase's statement in the report, inclusion of Plaintiff's counsel's signature, and
22  inclusion of the emails where he argues otherwise constitutes a material misrepresentation to the
23  Court.

24       While the Court must provide Mr. Chase an "opportunity to be heard," does not require
25  an oral or evidentiary hearing.  The opportunity to brief the issue fully satisfies due process
26  requirements. (*Pacific Harbor Capital, Inc. .v Carnival Air Lines, Inc.* (9th Cir. 2000) 210 F.3d
27  1112, 1118).  The Court may include in a § 1927 sanctions award the fees, costs and expenses
28

incurred by the opposing party to obtain the award. "After all, those costs are, in the statute's terms, 'incurred because of such conduct." (*Norelus v. Denny's, Inc.* (11th Cir. 2010) 628 F.3d 1270, 1298).

**B. The Court May Issue Sanctions Pursuant to Its Inherent Authority for Mr. Chase's Conduct.**

Federal courts have inherent power to impose sanctions against both attorneys and parties for "bad faith" conduct in litigation or for "willful disobedience" of a court order. (*Chambers v. NASCO, Inc.*(1991) 501 U.S. 32, 43; *Roadway Express, Inc. v. Piper* (1980) 447 U.S. 752, 767-766.

"Bad faith" conduct may be sanctioned under the court's inherent powers even if it is also sanctionable under other rules.  Although *Chambers* seems to use the terms "bad faith, vexatiously, wantonly or for oppressive reasons" disjunctively, each is apparently subsumed under the rubric "bad faith conduct." (*Chambers v. NASCO, Inc., supra*, 501 U.S. at 42-44). The Court's inherent powers "are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs, so as to achieve the orderly and expeditious disposition of cases. (*Id.* at 43).

"These other mechanisms, taken alone or together, are not substitutes for the inherent power, for that power is both broader and narrower than other means of imposing sanctions." (*Id.* at 48-48).  The Court need not break out conduct by rule or statute violation – indeed it may properly impose sanctions for the *entire course of conduct* under its inherent powers. (*Id.*; *see also Woodson v. Surgitek* (5th Cir. 1995) 57 F.3d 1406, 1418; *Farmer v. Banco Popular of North America* (10th Cir. 2015) 791 F.3d 1246, 1257 (holding where sanction for bad faith conduct rests "in substantial portion" on inherent authority, court need not attribute part to any particular statute or rule).

Mr. Chase's conduct in this case is intentional, repeated, and designed to misrepresent facts to this Court.  His conduct constitutes the epitome of bad faith, and should be sanctioned accordingly.

**IV.   CONCLUSION**

1

2

For the foregoing reasons, Defendant's counsel Kenneth Chase should be sanctioned in the amount of at least $2,487.51 in attorney's fees and costs to Plaintiff's counsel, and $2,487.51 in sanctions awarded to the Court, for his conduct in this case.  In the alternative, Plaintiff requests that this Court rescind its Order granting Mr. Chase's *pro hac vice* application to practice before this Court.

DATED:        January 24, 2019                    HKM EMPLOYMENT ATTORNEYS LLP
                                                  THE FIGARI LAW FIRM


                                                  /s/ Barbara E. Figari
                                                  *Attorneys for Plaintiff*

**PROOF OF SERVICE**

At the time of service, I was over 18 years of age and not a party to the action. My business address is 9431 Haven Avenue, Suite 100, Rancho Cucamonga, Ca 91730.

On January 24, 2019, I served the following document on the following persons at the following addresses (including fax numbers and email addresses, if applicable):

**PLAINTIFF ALICE VYSATA'S NOTICE OF MOTION AND MOTION FOR SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION; DECLARATON OF COUNSEL BARBARA E. FIGARI AND EXHIBIT 1 THERETO**

| | |
|---|---|
| Aryeh Kaufman (SBN 289745)<br>LAW OFFICE OF ARYEH KAUFMAN<br>5482 Wilshire Blvd. # 1907<br>Los Angeles, CA 90036<br>Phone: (323) 943-2566<br>Email: aryeh@akaufmanlegal.com<br><br>Kenneth Chase (admitted pro hac vice)<br>Chase Law, LLC<br>1509 16th Street NW, Suite 500<br>Washington, DC 20036<br>Telephone: (202) 365-5130 Email:<br>kchase@chaselaw.com | Attorneys for Defendants |

☐ (BY U.S. MAIL) I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and I deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

☒ (BY ELECTRONIC TRANSMISSION) I served the documents as attachments to the email addresses of counsel listed above via ECF.

☐ (BY OVERNIGHT DELIVERY) I enclosed the documents in a sealed envelope or package addressed to the persons as the addresses listed above and deposited it, with delivery expenses fully prepaid, for overnight delivery via Federal Express.

1

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

2

3

Executed on  January 24, 2019, at Rancho Cucamonga, California.

4

/s/ Barbara E. Figari

5

Barbara E. Figari

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28