Mamta Ahluwalia (Bar No. 245992)
**HKM Employment Attorneys LLP**
453 S. Spring Street, Suite 1008
Los Angeles, California 90013
Tel/Fax: 213.259.9950
Email: mahluwalia@hkm.com

Barbara E. Figari (Bar No. 251942)
**THE FIGARI LAW FIRM**
9431 Haven Avenue, Suite 100
Rancho Cucamonga, CA 91730
Telephone:	626.486.2620
Facsimile:	877.459.3540
Email:		barbara@figarilaw.com

Attorneys for Plaintiff
Alice Vysata

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Alice Vysata,<br><br>　　　Plaintiff and Counterdefendant,<br><br>　　v.<br><br>Marc Menowitz, et al.,<br><br>　　　Defendants & Counterclaimants. | CASE NO.: 18-cv-06157-JAK-RAO<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH SUBPOENAS TO NON-PARTIES AUDREY YEBOAH AND SKYLINE FINANCIAL CORP.**<br><br>Date:	March 6, 2019<br>Time:	8:30 a.m.<br>Courtroom:	10B<br>Judge:	Hon. Rozella A. Oliver<br>Discovery Cutoff:	June 17, 2019 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND BACKGROUND

Plaintiff Alice Vysata ("Plaintiff") brought this action against Defendants Marc Menowitz ("Menowitz") and Apartment Rental Assistance II, Inc. ("ARA") for sexual harassment, wrongful termination, retaliation, and misclassification as an independent contractor, all under California state law. (Dkt. No. 1). Plaintiff worked for Defendants from 2011 to February 2018, initially as an intern, and later as Director of Acquisitions for Apartment Rental Assistance II, Inc. On January 8, 2019, Defendants filed a Counterclaim against Plaintiff, alleging that she misrepresented her personal interest in Menowtiz, causing him to spill his family secrets to him. (Dkt. No. 57). They also appear to allege that Defendants were misled by Plaintiff into believing that she was a licensed broker for all those years, and that any payments she received for her work for ARA and Menowitz constituted commissions that could only be legally paid to a licensed broker. Plaintiff's motion to dismiss under Federal Rule 12(b)(6) is pending and set for hearing in this matter. (Dkt. No. 59).

### a. *Subpoenas to Audrey Yeboah*

Defendants have now served *twenty-two* subpoenas in the last ten days on various non-parties, including Plaintiff's former accountant, Audrey Yeboah. (Declaration of Counsel Mamta Ahluwalia ("Ahluwalia Decl.") at ¶ 2, Ex. 1-3 thereto; Declaration of Counsel Barbara E. Figari ("Figari Decl.") at ¶¶ 2,8). The subpoenas were served sometime between January 21[1] and January 23[2]. The compliance date on the subpoenas is 10 a.m. on

---

[1] Defendants' counsel, Mr. Kenneth Chase sent notice to Plaintiff's counsel on January 21 of twenty subpoenas. (Figari Decl. at ¶ 2, Ex. A thereto).

[2] (Figari Decl., ¶¶ 2). Defendants' counsel has not responded to Plaintiff's counsel's request of Jan. 25 asking about when the subpoenas were served. But in response to Plaintiff's counsel's Jan. 22 and Jan. 23 emails to Defendants' counsel asking for a meet and

February 4. (Ahluwalia Decl. at ¶ 5, Ex. 1-3 thereto). Ms. Yeboah, in addition to being Plaintiff's former accountant, also happens to be Defendant ARA's employee/bookkeeper and Defendant Marc Menowitz's personal accountant. Indeed, Ms. Yeboah became Plaintiff's accountant when Plaintiff started working for Defendants and at the suggestion of Defendant Marc Menowitz. During the course of this litigation, without Plaintiff's consent or permission and without notice to Plaintiff, Ms. Yeboah apparently delivered a declaration signed June 21, 2018 to Defendants' counsel, Mr. Kenneth Chase, divulging confidential, privileged information contained in Ms. Vysata's personal financial records, which Ms. Yeboah gained access to either as her personal accountant or as Defendants' bookkeeper. (Dkt. No. 14-6; p.10).

Defendants have now also issued *two separate subpoenas* to Audrey Yeboah on the same day with the same date of compliance. (Ex. 1-2 to Ahluwalia Decl.). One subpoena asks for "[a]ll state and federal tax returns for Alice Vysata between 2011 and the present time" as well as "[a]ll documents reflecting or comprising communications with Alice Vysata between 2011 and the present time." (Ex. 1 to Ahluwalia Decl.). The second subpoena states, "Regarding Alice Vysata, all W-9s, W-2s and 1099s and documents indicating whether Vysata declared herself as an employee" and "Regarding Alice Vysata, all documents pertaining to geographic locations of her offices, her business expenses and her sources of income." (Ex. 2 to Ahluwalia Decl.).

There is pending litigation in Florida State Court between the same parties (*see* Dkt. No. 54 (Judge Kronstadt's order denying Defendants' motion to join the cases). (Ahluwalia Decl. at ¶ 6). Defendants have issued an out of state subpoena to Ms. Yeboah in the Florida

---

confer prior to the service of the subpoenas, Mr. Chase responded on Jan. 23 stating, "The subpoenas have been issued pursuant to Rule 45." (Figari Decl., ¶¶ 2- 4).

state court action as well, for the same records as those sought in Exhibit 2. A petition to quash the out of state (Florida) subpoena filed by Plaintiff is pending in Los Angeles Superior Court. (Ahluwalia Decl. at ¶ 7). Defendants claimed, in the meet and confer effort regarding the Florida Yeboah subpoena for the same records, that they are entitled to *all* of Plaintiff's tax returns and financial documents because they claim such documents will show that Plaintiff always classified herself as "self-employed" in her tax returns and therefore, cannot have been an employee. (Ex. 4 to Ahluwalia Decl.). Defendants failed to meet and confer as to the subpoena issued pursuant to Fed R. Civ. P. 45.

### *b. Subpoenas to Skyline Financial Corp.*

Defendants' subpoena to Skyline Financial Corp. is similarly objectionable. Skyline Financial Corp. is a mortgage company that Vysata used to buy a home. Defendants seek records in violation of Plaintiff's right to privacy. They seek, "all documents received from Alice Vysata"…'regarding the mortgage loan made to borrower Alice Vysata and/or borrower Karl Katterin for the properly located at 1824 Eagle Crest Drive, Port Orange, FL 32128." (Ex. 3 to Ahluwalia Decl.). All documents submitted by Ms. Vysata to a company providing her a mortgage necessarily includes tax returns, financial documents, and other documents protected by Plaintiff's right to privacy.

## II. PLAINTIFF MADE SIGNIFICANT ATTEMPTS TO MEET AND CONFER WITH DEFENDANTS PRIOR TO FILING THIS MOTION.

Plaintiff objected to the scope and purpose of the subpoenas and attempted to meet and confer via telephone. (*See* Figari Decl.). The parties have also discussed the issue of the Audrey Yeobah subpoenas over the phone and over email when the same were previously issued. (Ahluwalia Decl. at ¶ 8).

Defendants argued that the subpoenas to Yeboah are proper because they will show that Plaintiff was a "self-employed person and not an employee of ARA and Menowitz" by showing that she classified herself as self-employed, that she deducted business expenses ("[s]elf-employed people take these deductions and your client was a self-employed person"), and that she had multiple sources of income. (Ex. 4 to Ahluwalia Decl.)

In turn, Plaintiff has indicated to Defendants that a wholesale subpoena for all records and communications in the possession of Plaintiff's former accountant is not permissible nor necessary to get the information that Defendants seek. First, Plaintiff's tax returns are privileged under California law and cannot be subpoenaed without the requisite showing by Defendants overcoming the privilege. Second, as to the need for the records to show that Plaintiff classified herself as self-employed, Plaintiff offered the following to Defendants: "[] we would consider stipulating as to how she classified herself for income tax purposes if you indicate what box or line you are referring to on an income tax return that allows for such determination." (Ex. 5 to Ahluwalia Decl.). The information that Defendants claim they need from the tax returns to show that Plaintiff was an independent contractor is not in dispute. Plaintiff has explained to Defendants that Plaintiff's tax returns, like any other individual who is misclassified as an independent contractor, will be filed in accordance with whether the *employer* has given the worker a W-2 or 1099. A wholesale disclosure of plaintiff's privileged information, therefore, is not necessary to uncover a basic fact that will not be in dispute in this litigation.

Similarly, Defendants claim that if the tax returns show that Plaintiff deducted business expenses, it will be further proof that she was an independent contractor. However, Plaintiff has never alleged that she did not deduct business expenses on her tax returns, nor has she refused to state so in a properly propounded discovery request. Again, Defendants' subpoenas for all

documents relating to Plaintiff in the possession of her former accountant are not limited to whether and what business expenses she claimed on her tax returns.

These documents have little or no relevance to the claims and defenses in the instant lawsuit, and they are certainly not directly relevant or essential to a fair resolution of this lawsuit. they can obtain private financial and personnel materials sought through the subpoenas at issue in this motion. Defendants, to date, have not met that standard.

### III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 45(a)(1)(c), any party may serve a subpoena commanding a nonparty "to attend and give testimony or to produce and permit inspection and copying of" documents. Fed. R. Civ. P. 45(a)(1)(C). The subpoena may command the production of documents which are "not privileged" and are "relevant to the subject matter" or "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Absent a showing of good cause, discovery is limited to matter relevant to the claims or defenses of the parties, rather than the "subject matter" of the action. *See Elvig v. Calvin Presbyterian Church,* 375 F.3d 951, 968 (9th Cir. 2005. Upon a timely motion, the court issuing such a subpoena shall quash it if it determines that the subpoena "requires disclosure of privileged or other protected matter and no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii).

In a pure diversity case, such as this case, State law governs interpretation of substantive matters, including privilege. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78–80, (1938); see also *Platypus Wear, Inc. v. K.D. Co., Inc.*, 905 F. Supp. 808, 811 (S.D. Cal. 1995) (state law governs law of privilege in diversity case).

### IV. THE RECORDS SOUGHT IN DEFENDANTS' SUBPOENAS TO AUDREY YEBOAH ARE WHOLLY PROTECTED FROM DISCLOSURE BY THE PRIVILEGE PROTECTING TAX RETURNS AS RECOGNIZED BY CALIFORNIA COURTS, AND THE SUBPOENAS MUST BE QUASHED.

Defendants have served subpoenas for not only Plaintiff's W-2s, W-9s, 1099s, but literally "[a]ll documents reflecting or comprising communications with Alice Vysata between 2011 and the present time." (Ex. 1 to Ahluwalia Decl.). Defendants' assertion that "…there is no "strong privacy interest" here. Your client put her own finances at issue in a junk claim for damages" (Ex. 4 to Ahluwalia Decl.) is without merit. Defendants subpoenas to Audrey Yeboah seek information protected by the tax-payer privilege recognized in California.

California recognizes a privilege protecting tax returns from disclosure. (*Webb v. Standard Oil Co.* 49 Cal.2d 509, 513 (1957)). This privilege is characterized by the courts as "very strong," and the exceptions are narrow. (*See e.g., Davis v. Leal*, 43 F.Supp.2d 1103, 1109 (E.D. Cal. 1999) ("California law affords a very strong privilege from discovery of tax records."); *Fortunato v. Superior Court*, 114 Cal.App.4th 475, 483 (2003); *Ameri-Medical Corp. v. Workers' Comp. Appeals Bd.*, 42 Cal.App.4th 1260, 1289 (1996) (tax returns are not discoverable); *Schnabel v. Superior Court*, 5 Cal.4th 704, 718-721(1993); *Webb v. Standard Oil Co.*, 49 Cal.2d 509, 512-514 (1957). Not only are tax returns protected by a specific privilege, but they are also protected under a privacy privilege, which is itself guarded by the courts. (*Davis v. Leal, supra*, 43 F.Supp.2d at 1110-1111; *Fortunato v. Superior Court*, *supra*, 114 Cal.App.4th at 480).

A privilege applies to tax returns because they contain a significant amount of private information, as to not only the taxpayer but also all other members of his or her household, including information as to marital status, dependents, members of a household, custody arrangements, alimony, disabilities of a household member, unemployment income, charitable contributions, medical expenses, relocation expenses, gambling losses or winnings, investment income or losses, social security benefits, health insurance, IRA contributions or withdrawals,

home purchases or sales, etc. None of this highly private information is in any way whatsoever related to any issue in this case.

Defendants have claimed the tax returns are relevant to show that Plaintiff was an independent contractor and not an employee. They claim that whether she claimed business expenses as tax deductions and obtained the resulting benefit of them, as would be expected of an independent contractor, or filed tax returns more reflective of an employment relationship, will bear directly on the issue of the independent contractor/employee question. However, Defendants' arguments lack merit. When an employer gives a worker a 1099, that person has no choice as to whether to file a tax return as an independent contractor. The worker does not "classify herself" in any manner. The employer determines the status of a worker, provides either a 1099 or a W-2, and the worker/employee then has no choice as to how to characterize his or her status on a tax return. Almost surely will such an individual worker deduct their business expenses on their tax returns. Why would a worker characterized as an independent contractor by her employer, who was incurring expenses, not deduct those expenses. The deduction of business expenses on a tax return has no relevance to the question of whether Plaintiff was an independent contractor or employee.

In *Estrada v. FedEx Ground Package System, Inc.*, 154 Cal.App.4th 1, 15, n. 14 (2008), the court specifically rejected the defendant's attempt to use tax returns as evidence. In that case, the defendant apparently attempted to ask the plaintiffs or class members about their tax returns at trial. The Court of Appeal held that the trial court had properly sustained objections to the attempt to ask about tax returns. The court noted that such information is protected by the taxpayer privilege, and further that the information concerning expenses incurred was obtainable from other sources. (*Id.*, at 15, n. 14 (the record shows that "FedEx tried to ask witnesses about information in their tax returns, and that the trial court properly sustained objections to those

7
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH SUBPOENAS
CASE NO.: 18-cv-06157-JAK-RAO

questions based on the taxpayer privilege and because FedEx had other means to present the same information.")

Similarly, in *Air Couriers International v. Employment Development Dept.*, 150 Cal.App.4th 923 (2007), in a case in which drivers were allegedly misclassified as independent contractors, the employer argued as part of its case at trial that the drivers had filed tax returns as independent contractors, and had taken business tax deductions. (*Id*., at 927 ("Sonic issued Internal Revenue Service 1099 forms to drivers that reflected the amount of compensation earned for the year. Drivers reported the income earned from driving on their individual tax returns and deducted expenses incurred."). In other words, the employer tried to use the tax return issue as evidence of the proper classification of the drivers. That effort was rejected, and the court found the drivers to be employees, a finding that was upheld on appeal.

The underlying facts, whether in the relevant time period, Plaintiff worked for anyone else as an independent contractor or employee, whether she received 1099s or W2s and from whom, and whether she deducted business expenses from her taxes, are all obtainable through properly propounded discovery requests. The subpoenas in question are entirely unnecessary for this purpose and are certainly not limited in this way.

**V. THE RECORDS SOUGHT IN DEFENDANTS' SUBPOENAS TO SKYLINE FINANCIAL CORP. ARE WHOLLY PROTECTED FROM DISCLOSURE BY PLAINTIFF'S RIGHT TO PRIVACY, AND THE SUBPOENAS MUST BE QUASHED.**

Similarly, by issuing a subpoena to Skyline Financial Corp., a mortgage company that Vysata used to buy a home, Defendants seek records in violation of Plaintiff's right to privacy. They seek, "all documents received from Alice Vysata"…'regarding the mortgage loan made to borrower Alice Vysata and/or borrower Karl Katterin for the properly located at 1824 Eagle Crest Drive, Port Orange, FL 32128." (Ex. 3 to Ahluwalia Decl.). All documents submitted by

Ms. Vysata to a company providing her a mortgage necessarily includes tax returns, financial documents, and other documents protected by Plaintiff's right to privacy.

It is undisputed that "…California accords privacy the constitutional status of an "inalienable right," on a par with defending life and possessing property." *Vinson v. Superior Court* 43 Cal.3d 833, 841 (1987); California Constitution, Article I, section 1. California's constitutional right to privacy has been held to operate even if a statutory privilege does not protect the matter in question. *Davis v. Superior Court* 7 Cal.App.4th 1008, 1014 (1992) (citations omitted). "When the right to discovery conflicts with a privileged right, the court is required to carefully balance the right of privacy with the need for discovery." *Harris v. Superior Court* 3 Cal.App.4th 661, 665 (1992). Constitutionally protected information is treated like privileged information in the discovery process. "The party seeking the constitutionally protected information has the burden of establishing that the information sought is directly relevant to the claims." *Tylo v. Superior Court* 55 Cal.App.4th 1379, 1387 (1997).

In order to get beyond this "zone of privacy," the burden of proof is on Defendants to show (1) that the information is essential to determining the truth of disputed matters, and (2) that the information is not available from other sources or by less intrusive means. *Britt v. Superior Court, supra*, 20 Cal.3d at p. 855-856; *Davis v. Superior Court* 7 Cal. App.4th at 1008, 1017 (1992). Proving that the documents sought are "essential to determining the truth of disputed matters" means that the Defendant must show a particularized need for the confidential information sought. *See Lantz v. Superior Court*, 28 Cal.App.4th 1839, 1854 (1994); *Britt v. Superior Court, supra,* 20 Cal.3d at p. 859-862. Where privacy rights are concerned, direct relevance is required; the assertion that documents may lead to discoverable evidence is not sufficient. *Binder v. Superior Court* 196 Cal. App. 3d 893, 901 (1987).

Discovery of constitutionally protected information is on a par with discovery of privileged information and is more narrowly proscribed than traditional discovery." *Tylo v. Superior Court, supra,* 55 Cal.App.4th at 1387.

Defendants' subpoenas to Skyline Financial seek confidential, financial information concerning a private loan that has absolutely nothing to do with this litigation. The subpoenas are nothing more than a fishing expedition and must be quashed.

## VI. CONCLUSION

The subpoenas to Yehboah and Skyline are either 1) intended by Defendants to harass Plaintiff and deprive her of her privacy rights as retribution for filing a lawsuit against them, or 2) are an attempt by Defendants to use their financial might to needlessly increase the litigation costs for Plaintiff. The unlimited scope of the subpoenas means that they are not reasonably calculated to elicit directly relevant and essential evidence, but rather designed to fish for irrelevant, private, and *privileged* information about Plaintiff.

For all of the reasons stated herein, the Court should quash the subpoenas issued to Audrey Yeboah and Skyline Financial.

DATED: February 3, 2019

HKM EMPLOYMENT ATTORNEYS LLP

THE FIGARI LAW FIRM

*/s/Mamta Ahluwalia*
Mamta Ahluwalia
*Attorneys for Plaintiff*