Mamta Ahluwalia (Bar No. 245992)
**HKM Employment Attorneys LLP**
453 S. Spring Street, Suite 1008
Los Angeles, California 90013
Tel/Fax: 213.259.9950
Email: mahluwalia@hkm.com

Barbara E. Figari (Bar No. 251942)
**THE FIGARI LAW FIRM**
9431 Haven Avenue, Suite 100
Rancho Cucamonga, CA 91730
Telephone: 626.486.2620
Facsimile: 877.459.3540
Email: barbara@figarilaw.com

Dan Kalish (admitted *pro hac vice*)
**HKM Employment Attorneys LLP**
600 Stewart St., Suite 901
Seattle, Washington 98101
Tel/Fax: (206) 826-5354
Email: dkalish@hkm.com

Attorneys for Plaintiff
Alice Vysata

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICE VYSATA,<br><br>Plaintiff and Counterdefendant,<br><br>v.<br><br>MARC MENOWITZ, ET AL.,<br><br>Defendants & Counterclaimants. | CASE NO.: 18-cv-06157-JAK-RAO<br><br>**STIPULATION REGARDING PLAINTIFF'S MOTION TO QUASH SUBPOENAS [L.R. 37-2.1]**<br><br>**Magistrate Judge Rozella A. Oliver**<br><br>Hearing Date: May 8, 2019<br>Hearing Time.: 10:00 a.m.<br><br>Discovery Cutoff: June 17, 2019<br>Pretrial Conf.: TBD<br>Trial Date: TBD |

## TABLE OF CONTENTS

I. MEET AND CONFER EFFORTS BY THE PARTIES ............................................. 1
II. ISSUES IN DISPUTE ............................................................................................. 1
III. SUBPOENAS AT ISSUE IN VYSATA'S MOTION TO QUASH ....................... 2
IV. PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH THE SUBPOENAS. ............................................................................................. 3
    A. BACKGROUND ........................................................................................ 4
    B. LEGAL STANDARD ................................................................................ 4
    C. THE SUBPOENAS WERE IMPROPERLY ISSUED WITHOUT NOTICE TO CONSUMER. ............................................................. 5
    D. THE SUBPOENAS IMPROPERLY SEEK PRIVATE, CONFIDENTIAL AND PRIVILEGED INFORMATION. ............................. 7
    E. LITIGATION REGARDING VYSATA'S TAX RECORDS ..................... 8
    F. THE PREVIOUS SUBPOENA TO PENNYMAC. ..................................... 9
    G. MEET AND CONFER REGARDING THE UNITED SHORE AND GARDEN STATE SUBPOENAS. ................................................... 10
    H. DEFENDANTS SHOULD PAY VYSATA'S FEES AND EXPENSES FOR BRINGING THIS MOTION. .......................................... 10

Pursuant to Local Rule 37-2.1. Plaintiff/Counter-Defendant, Alice Vysata submits the following stipulation regarding Plaintiff's motion to quash subpoenas

## I. MEET AND CONFER EFFORTS BY THE PARTIES

As required by Central District Local Rule 37-1, the parties have met and conferred, regarding this discovery dispute, and have been unable to reach an agreement, necessitating this stipulation.

Defendants' counsel informed Plaintiff's counsel of the issuance of the subject subpoenas on March 19, 2019. (Declaration of Dan Kalish ("Kalish Decl.") ¶ 2). Per Plaintiff's counsel's request, the parties had a meet and confer regarding the subpoenas on March 20, 2019. (Kalish Decl. ¶ 7). On March 22, counsel for Plaintiff sent counsel for Defendants a copy of the joint stipulation. (Ahluwalia Decl. ¶ 2). Per Local Rule 37, Defendants' must provide Plaintiff's counsel with their additions to the stipulation by March 29, 2019. However, because the subject subpoenas have a compliance date and time of March 29 at 10 a.m., Plaintiff is filing this stipulation without Defendants' additions. Plaintiff will amend the stipulation when Defendants return their portion of the stipulation. In an effort to avoid having to file this piecemeal, Plaintiff's counsel conferred in writing and telephonically with Defendants' counsel to delay the compliance day or return the stipulation prior to the compliance date. Defendants' counsel refused. (Ahluwalia Decl. ¶ ¶ 3-4).

## II. ISSUES IN DISPUTE

Defendants Apartment Rental Assistance II, Inc. and Marc Menowitz, sent Plaintiff notice of subpoenas to the following five entities for various mortgage documents related to Alice Vysata and her boyfriends' personal mortgage loan applications. (Kalish Decl. ¶ ¶2-3 and Exhibits 1-5.)

1. United Wholesale Mortgage
2. United Shore Financial Services, LLC
3. Shore Financial Services, Inc.
4. Garden State Home Loans, Inc.
5. Justin J. DeJoseph

Alice Vysata contends that the subpoenas: (1) have been improperly issued without providing notice to the consumer; (2) seek documents that are privileged and protected by Vysata's right to privacy; (3) are overbroad, not reasonably likely to lead the discovery of admissible evidence; and (5) are issued solely to harass and increase litigation costs.

### III. SUBPOENAS AT ISSUE IN VYSATA'S MOTION TO QUASH

On March 19, Defendants issued subpoenas to the following non-parties: (1) United Wholesale Mortgage; (2) United Shore Financial Services, LLC; (3) Shore Financial Services, Inc.; (4) Garden State Home Loans, Inc.; and (5) Justin J. DeJoseph. (Kalish Decl. ¶ 2; Exhibits 1-5.) *Each* of these subpoenas seeks the following:

### EXHIBIT A

1. Regarding the mortgage loan made to borrower Alice Vysata for the property located at 10146 Canoe Brook Circle, Boca Raton, FL 33498. Approx record date 4/1/16. Loan # 201601821, please produce documents reflecting the borrower's employment, length of employment, salary, any employment verifications received from any employer, signature blocks and legal statements reflecting oaths.

2. Regarding the mortgage loan made to borrower Alice Vysata for the property located at 10146 Canoe Brook Circle, Boca Raton, FL 33498. Approx record date 4/1/16. Loan # 201601821, please produce all documents received from Alice Vysata.

3. Regarding the mortgage loan made to borrower Alice Vysata and/or borrower Karl Kattrein for the property located at 1824 Eagle Crest Drive, Port Orange, FL 32128. Reference Volusia County Florida Official Records Instrument No. 2018179313, Parcel 6330-09-00-0120, Book 7593, Page 1935. Approximate date of recording September 5, 2018, please produce documents reflecting the borrower's employment, length of employment, salary, any employment verifications received from any employer, signature blocks and legal statements reflecting oaths.

4. Regarding the mortgage loan made to borrower Alice Vysata and/or borrower Karl Kattrein for the property located at 1824 Eagle Crest Drive, Port Orange, FL 32128. Reference Volusia County Florida Official Records Instrument No. 2018179313, Parcel 6330-09-00-0120, Book 7593, Page 1935. Approximate date of recording September 5, 2018, please produce all documents received from Alice Vysata.

5.  Regarding the mortgage loan made to borrower Alice Vysata for the property located at 80 S. Lake Shore Drive, Brookfield, CT 06804. Approximate date of recording June 16, 2016, please produce documents reflecting the borrower's employment, length of employment, salary, any employment verifications received from any employer, signature blocks and legal statements reflecting oaths.

6.  Regarding the mortgage loan made to borrower Alice Vysata for the property located at 80 S. Lake Shore Drive, Brookfield, CT 06804. Approximate date of recording June 16, 2016, please produce all documents received from Alice Vysata.

## IV. **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH THE SUBPOENAS.**

United Shore Financial Services, LLC, United Wholesale Mortgage, and Shore Financial Services, Inc. are essentially the same entity and will be referred to collectively as "United Shore." Justin DeJoseph is the CEO of Garden State Home Loans, Inc. and those two entities will collectively be referred to as "Garden State". All five subpoenas to United Shore and Garden State seek the exact same information. They each seek all documents regarding any mortgage loan made to Alice Vysata for the purchase of her home in Boca Raton, Florida in 2016; all documents regarding mortgage loans made to Alice Vysata and/or her boyfriend Karl Katrrein for property located in Port Orange, Florida in September 2018; and all documents related to a mortgage loan made to Alice Vysata for a Connecticut property in 2016.

These mortgage companies have an incredible amount of confidential and personal information about Vysata, including quite possibly her passport, her social security number, her driver's license, her FICA score, her escrow statement, her closing statement, her mortgage contract, her required payments, her loan amount, her amortization schedule, her home insurance costs and contract, her bank information (including her bank account numbers), her appraisal on

her house (including everything wrong on her condominium and photos of her home), her social security card, her tax returns, and other non-public confidential and proprietary information. Moreover, these mortgage companies likely obtained non-public confidential information related to Karl Kattrein, Vysata's boyfriend, including a copy of his passport.

## A. BACKGROUND

Plaintiff Alice Vysata ("Plaintiff") brought this action against Defendants Marc Menowitz ("Menowitz") and Apartment Rental Assistance II, Inc. ("ARA") for sexual harassment, wrongful termination, retaliation, and misclassification as an independent contractor, all under California state law. (Dkt. No. 1). Plaintiff worked for Defendants from 2011 to February 2018, initially as an intern, and later as Director of Acquisitions for Apartment Rental Assistance II, Inc. On January 8, 2019, Defendants filed a Counterclaim against Plaintiff, alleging that she misrepresented her personal interest in Menowtiz, causing him to spill his family secrets to him. (Dkt. No. 57). They also appear to allege that Defendants were misled by Plaintiff into believing that she was a licensed broker for all those years, and that any payments she received for her work for ARA and Menowitz constituted commissions that could only be legally paid to a licensed broker. Plaintiff's motion to dismiss under Federal Rule 12(b)(6) (Dkt. No. 59) and her Anti-Slapp Motion (Dkt. No. 80) is pending and set for hearing in this matter.

## B. LEGAL STANDARD

Under Federal Rule of Civil Procedure 45(a)(1)(c), any party may serve a subpoena commanding a nonparty "to attend and give testimony or to produce and permit inspection and copying of" documents. Fed. R. Civ. P. 45(a)(1)(C). The subpoena may command the production of documents which are "not privileged" and are "relevant to the subject matter" or "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Absent a showing of good cause, discovery is limited to matter relevant to the claims or defenses of the parties, rather than the "subject matter" of the action. *See Elvig v. Calvin Presbyterian Church,* 375 F.3d 951, 968 (9th Cir. 2005. Upon a timely motion, the court issuing such a subpoena shall quash it if it determines that the subpoena "requires disclosure of privileged or other protected matter and no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii).

In a pure diversity case, such as this case, State law governs interpretation of substantive matters, including privilege. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78–80, (1938); see also *Platypus Wear, Inc. v. K.D. Co., Inc.*, 905 F. Supp. 808, 811 (S.D. Cal. 1995) (state law governs law of privilege in diversity case).

### C. THE SUBPOENAS WERE IMPROPERLY ISSUED WITHOUT NOTICE TO CONSUMER.

California takes the privacy rights of its citizens seriously, especially where information is sought concerning consumer activities. The statute expressly references the records sought here. In order to obtain such information, the seeker must follow strict procedures. California Code of Civil Procedure §1985.3(b) provides procedural requirements in order to subpoena the personal records of any consumer in California. Section 1985.3 defines a consumer as "any individual, partnership of five or fewer persons, association, or trust which has transacted business with, or has used the services of, the witness…". Cal. Code Civ. Proc. § 1985.3(a)(2). Subpoenas to Vysata's mortgage lenders clearly fall within this definition.

Personal records under 1985.3(a)(1) include:

> …the original, any copy of books, documents, other writings, or electronically stored information pertaining to a consumer and which are maintained by any "witness" which is a … . state or national bank, state or federal association (as defined in Section 5102 of the Financial Code), state or federal credit union, trust

> company, **anyone authorized by this state to make or arrange loans that are secured by real property**, security brokerage firm, insurance company, title insurance company, underwritten title company, escrow agent licensed pursuant to Division 6 (commencing with Section 17000) of the Financial Code or exempt from licensure pursuant to Section 17006 of the Financial Code, attorney, accountant, ….

Cal. Code Civ. Proc. § 1985.3(a)(1) (emphasis added).

The statute requires that prior to the date of production called for in the subpoena for personal records, the subpoenaing party must serve on the consumer or her attorney, a copy of the subpoena, a Notice to Consumer as provided for in subdivision of (e) of § 1985.3, and proof of service per subsection (c)(1). Section 1985.3(e) provides that a Notice must be served on the consumer which must indicate to the consumer that (1) her personal records are being sought, (2) if she objects to the release of her records, she must file papers with the court or serve a written objection prior to the date specified for production of the records and (3) if the party seeking the records does not agree in writing to cancel or limit the subpoena, an attorney should be consulted about the consumer's interest in protecting her privacy. Cal. Code Civ. Proc. § 1985.3(e).

Further, section 1985.3(b) requires that the consumer be served at least five days prior to service upon the custodian of records, and not less than 10 days prior to the date for production. Cal. Code Civ. Proc. § 1985.3(b)(3). Prior to the production of the records, the subpoenaing party must provide the custodian of records to whom the subpoena was directed with either (1) proof of service attesting to compliance with § 1985.3(b), or (2) a written authorization to release the records signed by either the consumer or his/her attorney of record. Code Civ. Proc. § 1985.3(c).

ARA and Menowitz have failed to comply with § 1985.3(b) and (c). No notice to the consumer was served, no authorization from the consumer was obtained, and the witness was not

properly served with the proof of service, because no service on the consumer occurred pursuant to § 1985.2(b).  There is no indication that ARA and Menowiz even attempted to satisfy the notice requirements set forth in  § 1985.3.

### D.  THE SUBPOENAS IMPROPERLY SEEK PRIVATE, CONFIDENTIAL AND PRIVILEGED INFORMATION.

Defendants ARA and Menowitz seek records in violation of Plaintiff's right to privacy. They seek, all documents received from Alice Vysata "regarding the mortgage loan made to borrower Alice Vysata and/or borrower Karl Katterin for the property located…" in Florida and Connecticut.  All documents submitted by Ms. Vysata to a company providing her a mortgage necessarily includes tax returns, financial documents, and other documents protected by Plaintiff's right to privacy.

It is undisputed that "…California accords privacy the constitutional status of an "inalienable right," on a par with defending life and possessing property." *Vinson v. Superior Court*, 43 Cal.3d 833, 841 (1987); California Constitution, Article I, section 1.  California's constitutional right to privacy has been held to operate even if a statutory privilege does not protect the matter in question. *Davis v. Superior Court*, 7 Cal.App.4th 1008, 1014 (1992) (citations omitted).  "When the right to discovery conflicts with a privileged right, the court is required to carefully balance the right of privacy with the need for discovery." *Harris v. Superior Court*, 3 Cal.App.4th 661, 665 (1992).  Constitutionally protected information is treated like privileged information in the discovery process. "The party seeking the constitutionally protected information has the burden of establishing that the information sought is directly relevant to the claims." *Tylo v. Superior Court*, 55 Cal.App.4th 1379, 1387 (1997).

In order to get beyond this "zone of privacy," the burden of proof is on Defendants to show (1) that the information is essential to determining the truth of disputed matters, and (2)

that the information is not available from other sources or by less intrusive means. *Britt v. Superior Court, supra*, 20 Cal.3d at p. 855-856; *Davis v. Superior Court*, 7 Cal. App.4th at 1008, 1017 (1992). Proving that the documents sought are "essential to determining the truth of disputed matters" means that the Defendant must show a particularized need for the confidential information sought. *See Lantz v. Superior Court*, 28 Cal.App.4th 1839, 1854 (1994); *Britt v. Superior Court, supra,* 20 Cal.3d at p. 859-862. Where privacy rights are concerned, direct relevance is required; the assertion that documents may lead to discoverable evidence is not sufficient. *Binder v. Superior Court*, 196 Cal. App. 3d 893, 901 (1987).

Discovery of constitutionally protected information is on a par with discovery of privileged information and is more narrowly proscribed than traditional discovery." *Tylo v. Superior Court, supra,* 55 Cal.App.4th at 1387.

Defendants' subpoenas to these mortgage companies seek confidential, financial information concerning private loans that have absolutely nothing to do with this litigation. The subpoenas are nothing more than a fishing expedition and must be quashed.

### E. LITIGATION REGARDING VYSATA'S TAX RECORDS

The five subpoenas seek essentially all information, including possibly her tax returns. But her tax returns – and whether they are discoverable in this litigation – are the subject of litigation in this this Court (Dkt No. 65). As detailed in that motion, California recognizes a privilege protecting tax returns from disclosure. (*Webb v. Standard Oil Co.*, 49 Cal.2d 509, 513 (1957)). This privilege is characterized by the courts as "very strong," and the exceptions are narrow. (*See e.g., Davis v. Leal*, 43 F.Supp.2d 1103, 1109 (E.D. Cal. 1999) ("California law affords a very strong privilege from discovery of tax records."); *Fortunato v. Superior Court*, 114 Cal.App.4th 475, 483 (2003); *Ameri-Medical Corp. v. Workers' Comp. Appeals Bd.*, 42

8
STIPULATION REGARDING PLAINTIFF'S MOTION TO QUASH SUBPOENAS
CASE NO.: 18-cv-06157-JAK-RAO

Cal.App.4th1260, 1289 (1996) (tax returns are not discoverable); *Schnabel v. Superior Court*, 5 Cal.4th 704, 718-721(1993); *Webb v. Standard Oil Co.*, 49 Cal.2d 509, 512-514 (1957). Not only are tax returns protected by a specific privilege, but they are also protected under a privacy privilege, which is itself guarded by the courts. (*Davis v. Leal, supra*, 43 F.Supp.2d at 1110-1111; *Fortunato v. Superior Court, supra*, 114 Cal.App.4th at 480).

A privilege applies to tax returns because they contain a significant amount of private information, as to not only the taxpayer but also all other members of his or her household, including information as to marital status, dependents, members of a household, custody arrangements, alimony, disabilities of a household member, unemployment income, charitable contributions, medical expenses, relocation expenses, gambling losses or winnings, investment income or losses, social security benefits, health insurance, IRA contributions or withdrawals, home purchases or sales, etc. None of this highly private information is in any way whatsoever related to any issue in this case.

**F. THE PREVIOUS SUBPOENA TO PENNYMAC.**

On or about February 7, 2019, ARA and Menowitz issued a subpoena to PennyMac, the company that owned the mortgage on Vysata's home in Port Orange, Florida. (Kalish Decl. ¶ 5 and Ex. 6). The initial PennyMac issued in this case asked for similar information as the five subpoenas at issue here. The parties engaged in a meet and confer about the scope of the PennyMac subpoena and came to an agreement. The parties agreed that ARA and Menowitz could obtain only the following four pieces of information from PennyMac:

- Vysata's Address that she listed on her loan application;
- Vysata's employment information that she listed on her loan application;
- Vysata's signature block on her loan application; and

- Verbal Verification of Employment in her loan documents.

This agreement was communicated to PennyMac, who then sent the agreed upon documents and information to both Vysata and ARA/Menowitz. (Kalish Decl. ¶ 6 and Ex. 7.)

### G. MEET AND CONFER REGARDING THE UNITED SHORE AND GARDEN STATE SUBPOENAS.

On March 20, 2019, the parties had a meet and confer on the scope of these five United Shore and Garden State subpoenas. (Kalish Decl. ¶ ¶ 6-7). Vysata requested a meet and confer on these subpoenas in an effort to come to an agreement similar to the Penny Mac subpoena that would do away for the need to litigate the scope of these subpoenas. After the meet and confer, however, ARA and Menowitz refused to limit the subpoena to the same scope as the PennyMac subpoena. This motion followed.

### H. DEFENDANTS SHOULD PAY VYSATA'S FEES AND EXPENSES FOR BRINGING THIS MOTION.

This Court should require Defendants to pay for Vysata's fees and costs associated with the motion to quash. As demonstrated above, the subpoenas seek information far in excess of what is allowed in discovery. Further, Defendants to date, have refused to limit the scope of their subpoena in the manner previously agreed to on similar subpoenas. On March 27, Mr. Chase belatedly said he would limit the subpoenas but still seek information in excess of what was previously agreed upon as to similar subpoenas. This type of conduct is violative of the

//

//

spirit of the Federal Rules in general and of Rule 45 in particular and costs and fees should be ordered.

DATED: March 28, 2019          HKM EMPLOYMENT ATTORNEYS LLP
                               THE FIGARI LAW FIRM


                               By:    /s/ Mamta Ahluwalia
                                      Mamta Ahluwalia, Esq.
                                      Dan Kalish, Esq.
                                      Barbara Figari, Esq.
                                      *Attorneys for Plaintiff*