UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: CV 18-06157 JAK (RAO)                                    Date: April 25, 2019
Title: Alice Vysata v. Marc Menowitz, et al.

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| Donnamarie Luengo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:** (In Chambers) **ORDER GRANTING PLAINTIFF'S MOTIONS TO QUASH THIRD-PARTY SUBPOENAS [65] [100] [108] [111]**

Pending before the Court are Plaintiff's Motion to Quash Subpoenas to Non-Parties Audrey Yeboah and Skyline Financial Corp. ("First Motion") (Dkt. No. 65), Motion to Quash Non-Party Subpoenas ("Second Motion") (Dkt. No. 100), Motion to Quash Subpoena Issued to Verizon ("Third Motion") (Dkt. No. 108), and Motion to Quash Subpoenas for Plaintiff's Employment Records ("Fourth Motion") (Dkt. No. 111).

After considering Plaintiff's Motions, Defendants' respective oppositions, and Plaintiff's respective replies, the Court **GRANTS** Plaintiff's Motions and **QUASHES** the third-party subpoenas. The Court also **GRANTS** Plaintiff's requests for attorneys' fees and costs.

I.  **LEGAL STANDARDS**

Under Federal Rule of Civil Procedure 26 ("Rule 26"), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering [1] the importance of the issues at stake in the action, [2] the amount in controversy, [3] the parties' relative access to relevant information, [4] the parties' resources, [5] the importance of the discovery in resolving the issues, and [6] whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Relevance for purposes of Rule 26 is not the same as under the Federal Rules of Evidence, as Rule 26 states that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* "On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the discovery

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 18-06157 JAK (RAO) | Date: | April 25, 2019 |
| Title: | Alice Vysata v. Marc Menowitz, et al. | | |

sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive . . . [or] the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(i), (iii).

Federal Rule of Civil Procedure 45 ("Rule 45") governs discovery of nonparties by subpoena. Subpoenas under Rule 45 are subject to the same scope of discovery defined in Rule 26(b). *See* Fed. R. Civ. P. 45 advisory committee's note (1970 amendments) ("[T]he scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules."); *see also Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679-80 (N.D. Cal. 2006). On timely motion, the Court must quash or modify a subpoena that requires disclosure of privileged or other protected matter or subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A). Rule 26 and Rule 45 give "ample discretion" to the Court to quash or modify a subpoena that causes undue burden. *Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 779 (9th Cir. 1994). The party moving to quash a subpoena has the burden of persuasion, "but the party issuing the subpoena must demonstrate the discovery sought is relevant." *Chevron Corp. v. Donziger*, No. 12-MC-80237 CRB (NC), 2013 WL 4536808, at *4 (N.D. Cal. Aug. 22, 2013); *accord Green v. Baca*, 226 F.R.D. 624, 654 (C.D. Cal. 2005), *order clarified*, No. CV 02-204744-MMM-MANX, 2005 WL 283361 (C.D. Cal. Jan. 31, 2005).

**II.     DISCUSSION**

As a preliminary matter, the Court finds that Plaintiff has standing to file the instant motions to quash Defendants' subpoenas. Generally, "a party may not quash a subpoena served upon a non-party on any grounds other than privilege." *Televisa, S.A. de C.V. v. Univision Commc'ns, Inc.*, No. CV 05-3444 PSG (MANx), 2008 WL 4951213, at *1 (C.D. Cal. Nov. 17, 2008). Here, because the subpoenas at issue seek Plaintiff's private tax returns, financial records, phone records, and employment records, the Court finds that the subpoenas sufficiently implicate Plaintiff's privacy interests to give Plaintiff standing to challenge their scope. *See, e.g.*, *Shinedling v. Sunbeam Prod. Inc.*, No. EDCV-12-438-CJC-SPX, 2013 WL 12142949, at *2 (C.D. Cal. July 9, 2013) (plaintiff had standing to move to quash subpoenas that sought private financial information and employment records); *Ademiluyi v. Phillips*, No. 2:14-CV-00507-MMD, 2014 WL 7012493, at *2 (D. Nev. Dec. 12, 2014) (non-party had standing to move to quash subpoenas for his cell phone records); *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 973-74 (C.D. Cal. 2010) (collecting cases).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   CV 18-06157 JAK (RAO)                                Date:   April 25, 2019
Title:       Alice Vysata v. Marc Menowitz, et al.

### A.     First Motion

  1.     <u>Subpoena to Audrey Yeboah</u>

Defendants served two subpoenas on Audrey Yeboah, Plaintiff's former accountant.  (Dkt. No. 65-3, Exs. 1 & 2; *see* Dkt. No. 65-1 at 1-2.)  The subpoenas seek "[a]ll state and federal tax returns for Alice Vysata between 2011 and the present time," "all W-9s, W-2s and 1099s and documents indicating whether Vysata declared herself as an employee," and "all documents pertaining to geographic locations of [Plaintiff's] offices, her business expenses and her sources of income."  (Dkt. No. 65-3, Exs. 1 & 2.)  Defendants also seek "[a]ll documents reflecting or comprising communications with Alice Vysata between 2011 and the present time."  (Dkt. No. 65-3, Ex. 1 at 4.)

Because these documents can be obtained from a more convenient and less burdensome source—namely, from Plaintiff—the Court must limit this request.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Moreover, as Plaintiff's accountant and tax preparer, Ms. Yeboah is prohibited from disclosing information obtained in connection with the preparation of Plaintiff's taxes.[1]  *See, e.g.*, 26 U.S.C. § 6713; 26 U.S.C. § 7216(a); Cal. Bus. & Prof. Code § 17530.5(a).

For these reasons, the two subpoenas served on Audrey Yeboah are **QUASHED**.

  2.     <u>Subpoena to Skyline Financial Corp.</u>

Defendants' subpoena to Skyline Financial Corp. seeks "documents reflecting the borrower's employment, length of employment, salary, any employment verifications received from any employer, signature blocks and legal statements reflecting oaths" and "all documents received from Alice Vysata."  (Dkt. No. 65-3, Ex. 3.)

---

[1] On March 6, 2019, the Court ordered letter briefing on issues raised with respect to Ms. Yeboah's affidavit, which was filed in connection with an earlier motion and was cited by Defendants as the justification for their subpoenas. (Dkt. No. 79; *see* Dkt. No. 67 at 7.)  In their letter brief, Defendants asserted that they "expressly consented and specifically authorized Yeboah to disclose information pertaining to [Defendants'] tax classifications in their tax returns in the Yeboah Affidavit." (Dkt. No. 83 at 2.)  But there is no indication that Plaintiff consented to the disclosure of information related to her own tax returns.  (*See generally* Dkt. No. 65-1 at 5-8 (First Motion); Dkt. No. 86 (Plaintiff's letter brief).)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  CV 18-06157 JAK (RAO)                                Date:  April 25, 2019
Title:  Alice Vysata v. Marc Menowitz, et al.

This subpoena appears to seek information that can be obtained from Plaintiff rather than from a third party, and thus the Court must limit the extent of discovery. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Additionally, the request is overbroad, seeking "all documents" received from Plaintiff and information related to "any employer," not just Defendants.

Accordingly, the subpoena served on Skyline Financial Corp. is **QUASHED**.

**B.    Second Motion**

Defendants served subpoenas on United Wholesale Mortgage, United Shore Financial Services, LLC, and Shore Financial Services, Inc. (collectively, "United Shore").[2] Defendants also served substantially similar subpoenas on Justin J. DeJoseph and Garden State Home Loans, Inc. (collectively, "Garden State").[3]

Defendants filed an opposition to the Second Motion on April 17, 2019, and a declaration on April 18, 2019, both of which addressed only the United Shore subpoenas.[4] (Dkt. Nos. 119, 120.) Plaintiff filed a timely reply on April 24, 2019. (Dkt. No. 125.)

1.    Plaintiff's Procedural Objection

Plaintiff argues that the subpoenas were improperly issued without providing Plaintiff with the notice required by California Code of Civil Procedure ("CCP") section 1985.3(b). (Dkt. No. 100-1 at 5-7.) But "[a] subpoena duces tecum issued under the Federal Rules of Civil Procedure is not subject to CCP [section] 1985.3 which, by its terms, is limited to subpoenas issued under the CCP." *RBS Sec. Inc. v. Plaza Home Mortg., Inc.*, No. 12-CV-2132-JM-MDD, 2012 WL 3957894, at *1 (S.D. Cal. Sept. 10, 2012); *see* Cal. Civ. Proc. Code § 1985.3(a)(3) ("'Subpoenaing party' means the person or persons causing a subpoena duces tecum to be issued or served in connection

---

[2] According to Plaintiff, United Wholesale Mortgage, United Shore Financial Services, LLC, and Shore Financial Services, Inc. "are essentially the same entity." (Dkt. No. 100-1 at 3.) Defendants also state that the multiple company names "are just d/b/a company names." (Dkt. No. 119 at 3.)

[3] Plaintiff explains that Justin J. DeJoseph is the CEO of Garden State Home Loans, Inc. (*See* Dkt. No. 100-1 at 3.)

[4] The Court notes that, based on the Second Motion's noticed hearing date of May 8, 2019, the deadline for Defendants to file an opposition was April 17, 2019. *See* Local Rule 7-9 (oppositions to motions are due "not later than twenty-one (21) days before the date designated for the hearing of the motion"); *see also* Dkt. No. 116 (vacating the noticed hearing date but keeping the same briefing schedule set forth by the Local Rules). The Court nevertheless considers Defendants' untimely declaration.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 18-06157 JAK (RAO) | Date: | April 25, 2019 |
| Title: | Alice Vysata v. Marc Menowitz, et al. | | |

with any civil action or proceeding *pursuant to this code* . . . ." (emphasis added)). As the subpoenas in this action were issued pursuant to Federal Rule of Civil Procedure 45, not CCP section 1985.3, the Court overrules Plaintiff's objection.

    2.  <u>Subpoenas to United Shore and Garden State</u>

  The United Shore subpoenas seek "documents reflecting [Plaintiff's] employment, length of employment, salary, any employment verifications received from any employer, signature blocks and legal statements reflecting oaths," as well as "all documents received from Alice Vysata" in connection with her mortgage loans for three specified properties. (Dkt. No. 100-3, Exs. 1-3.) The Garden State subpoenas request the same documents. (*See* Dkt. No. 100-3, Exs. 4-5.)

  Defendants again seek information that seemingly could be obtained from Plaintiff, a less burdensome source, rather than from a third party. However, with respect to the property located in Port Orange, the Garden State subpoenas also refer to "the mortgage loan made to *borrower* Alice Vysata and/or *borrower* Karl Kattrein," and they seek "documents reflecting *the borrower's* employment, length of employment, salary, any employment verifications received from any employer, signature blocks and legal statements reflecting oaths." (*Id.* ¶ 3 (emphases added).) Although third-party subpoenas may be the proper method of obtaining this information regarding Karl Kattrein, a non-party, Defendants have not demonstrated the relevance of the requested information. *See* Fed. R. Civ. P. 26(b)(2)(C) (the Court must limit discovery if it is outside the scope permitted by Rule 26(b)(1)); *Chevron Corp.*, 2013 WL 4536808, at *4 ("[T]he party issuing the subpoena must demonstrate the discovery sought is relevant.").

  Further, as written, the subpoenas are overbroad. Although Defendants indicate that they are willing to accept redacted documents that reflect only Plaintiff's address, employment verification, signature blocks, and verification of employment (Dkt. No. 119 at 6), the subpoenas are facially overbroad, seeking "all documents" provided by Plaintiff in connection with her mortgage loans.

  Defendants also have not opposed Plaintiff's motion to quash the Garden State subpoenas. *See* Local Rule 7-12.

  For these reasons, the subpoenas served on United Shore and Garden State are **QUASHED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: CV 18-06157 JAK (RAO)  Date: April 25, 2019
Title: Alice Vysata v. Marc Menowitz, et al.

### C. Third Motion

Defendants served a subpoena on Verizon requesting "any and all account statements, monthly statements, subscriber information, call history, fax history, text message history, SMS message history, IP address logs for any online access to an account, and cell site data from January 1, 2011 to March 31, 2018" for three identified phone numbers[5] and "[f]or any telephone number used by or registered to Alice Vysata." (*See* Dkt. No. 108-1, Ex. A.)

The parties filed a joint stipulation on April 18, 2019.[6] (Dkt. No. 121.) Plaintiff filed a supplemental memorandum on April 24, 2019. (Dkt. No. 127.)

#### 1. Plaintiff's Procedural Objection

As with the Second Motion, Plaintiff again objects to Defendants' failure to provide the notice required by CCP section 1985.3(b). (Dkt. No. 121 at 11-13.) For the same reasons, the Court overrules this objection.

#### 2. Verizon Cannot Disclose the Contents of Communications Between Plaintiff and Non-Defendants

Plaintiff argues that the Stored Communications Act, 18 U.S.C. §§ 2701-12, prohibits the disclosure of the content of her text messages. (*See* Dkt. No. 121 at 10-11.) Defendants contend that they seek the records, but not the content, of Plaintiff's phone history. (Dkt. No. 121 at 14.) The Court agrees with Plaintiff that, on its face, the subpoena does not appear to be so limited. The subpoena requests "any and all . . . text message history [and] SMS message history," which could reasonably be interpreted to include the text or multimedia content of those messages. Accordingly, the Court also addresses Plaintiff's objections to the production of the content of her communications.

---

[5] Plaintiff confirmed that the three phone numbers "are phone numbers that [she] used at one point." (Vysata Decl., Dkt. No. 121-4 ¶ 2.)

[6] The Third Motion noticed a hearing date of May 8, 2019. The joint stipulation, which contained Defendants' opposition to the Third Motion, was filed after the April 17, 2019 deadline for oppositions. *See* Local Rule 7-9; *see also* Dkt. No. 116. Although the failure to file an opposition within the deadline may be deemed consent to the granting of the motion, *see* Local Rule 7-12, the Court nevertheless declines to grant the Third Motion solely on this basis and addresses the arguments on the merits.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 18-06157 JAK (RAO) | Date: | April 25, 2019 |
| Title: | Alice Vysata v. Marc Menowitz, et al. | | |

The Stored Communications Act prohibits "a person or entity providing an electronic communication service to the public" from "knowingly divulg[ing] to any person or entity the contents of a communication while in electronic storage by that service," unless an exception applies. 18 U.S.C. § 2702(a)(1); *see Quon v. Arch Wireless Operating Co.*, 529 F.3d 892, 900 (9th Cir. 2008), *rev'd and remanded on other grounds sub nom. City of Ontario, Cal. v. Quon*, 560 U.S. 746, 130 S. Ct. 2619, 177 L. Ed. 2d 216 (2010). One such exception permits disclosure of the contents of a communication "to an addressee or intended recipient of such communication." 18 U.S.C. § 2702(b)(1). Wireless communications providers, such as Verizon, are properly classified as electronic communication service providers. *See Doe v. City of San Diego*, No. 12-CV-0689-MMA DHB, 2013 WL 2338713, at *2-3 (S.D. Cal. May 28, 2013) (citing *Mintz v. Mark Bartelstein & Assocs., Inc.*, 885 F. Supp. 2d 987, 991 (C.D. Cal. 2012); *Quon*, 529 F.3d at 901-03).

Considering the allegations in Plaintiff's complaint, some of Plaintiff's communications may have been addressed to or intended for Defendants, and the content of those communications would be producible to Defendants under an exception to the Stored Communications Act. However, no exception applies to Plaintiff's communications with non-defendants, and the contents of those communications are not producible by Verizon.

### 3. The Subpoena for Plaintiff's Communications with Defendants Seeks Duplicative Information

Although production of the contents of communications between Plaintiff and Defendants is not prohibited by the Stored Communications Act, the subpoena appears unreasonably duplicative of other discovery. Plaintiff represents that she has agreed to obtain the phone records herself and produce them "in the normal course of a request for production" (Dkt. No. 127 at 2-3), and Plaintiff's supplemental responses to Defendant ARA's Requests for Production indicate that "Plaintiff will produce all correspondence between her and [Defendants]" (*see* Dkt. No. 96-18 at 46-51).

Because the subpoena seeks cumulative or duplicative information that has been or will be produced by Plaintiff, the Court must limit discovery. *See* Fed. R. Civ. P. 26(b)(2)(C)(i).

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | CV 18-06157 JAK (RAO) | Date: | April 25, 2019 |
| Title: | Alice Vysata v. Marc Menowitz, et al. | | |

    4.    <u>The Subpoena is Overbroad</u>

Moreover, the Court finds that the subpoena is overbroad. Defendants contend that they are seeking "business communications," not "communications with any romantic partners or personal non-business contacts" (Dkt. No. 121 at 3), and they have "agreed to exclude personal calls/texts and calls/texts with romantic partners" (*id.* at 14). But the subpoena is not limited to such communications, instead seeking "any and all" records. Additionally, Defendants have not limited their subpoena to records that relate only to Plaintiff. Instead, they seek all information related to the three identified phone numbers over the course of more than seven years. As Plaintiff notes (*id.* at 4, 9), this could include records from third parties who could have been assigned the phone numbers during that seven-year period. Indeed, Plaintiff does not believe that she has used any of the identified phone numbers during the requested time period. (Vysata Decl., Dkt. No. 121-4 ¶ 2.) Although Defendants state that they would "simply destroy and disregard" any records that relate to a third party (Dkt. No. 121 at 16), this proposal appears to acknowledge the overbreadth of their request.

Thus, as written, the subpoena is overbroad and should be quashed. *See Hampton v. Steen*, No. 2:12-CV-00470-AA, 2014 WL 5496454, at *6 (D. Or. Oct. 28, 2014) (quashing a subpoena for phone records that sought "a large amount of material, much of which is irrelevant and private, and therefore unduly burdensome"), *aff'd in part, vacated in part on other grounds, remanded*, 690 F. App'x 998, 1001 (9th Cir. 2017) (finding no abuse of discretion and affirming the district court's quashing of subpoenas).

In light of the foregoing, the subpoena served on Verizon is **QUASHED**.

    D.    **Fourth Motion**

Defendants served subpoenas on KLC San Diego Enterprises, Inc., AgencyOne, Inc., and JWilliams Staffing, Inc., seeking "[a]ll documents pertaining to" Plaintiff, the executed Employment Agreement and/or Independent Contractor Agreement between Plaintiff and the subpoenaed companies, "[a]ll documents reflecting transactions associated with Alice Vysata as the agent," and "[a]ll documents reflecting communications with Alice Vysata." (Dkt. No. 111-2, Exs. 1-3.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  CV 18-06157 JAK (RAO)                                    Date:  April 25, 2019
Title:         Alice Vysata v. Marc Menowitz, et al.

      Plaintiff filed the Fourth Motion on April 9, 2019, noticing a hearing on May 8, 2019. Pursuant to Local Rule 7-9, Defendants' opposition was due by April 17, 2019. No opposition was filed. On April 24, 2019, Plaintiff filed a supplemental memorandum. (Dkt. No. 126.) Plaintiff explains that a draft joint stipulation was sent to Defendants on April 9, 2019, and Defendants' counsel provided Defendants' portion on April 16, 2019. (*Id.* at 3; Ahluwalia Decl., Dkt. No. 126-1 ¶¶ 2, 4.) Since Plaintiff sent Defendants a final draft for approval and signature on April 17, 2019, Plaintiff has not received Defendants' approval to file the joint stipulation. (Dkt. No. 126 at 3; Ahluwalia Decl., Dkt. No. 126-1 ¶¶ 5-6.)

      1.    <u>Plaintiff's Procedural Objection</u>

      Plaintiff again objects to Defendants' failure to provide the notice required by CCP section 1985.3(b). (Dkt. No. 111-3 at 2-4.) For the same reasons stated with respect to the Second Motion, the Court overrules this objection.

      2.    <u>Subpoenas to KLC San Diego Enterprises, Inc., AgencyOne, Inc., and JWilliams Staffing, Inc.</u>

      According to the subpoenas, Plaintiff was employed by KLC San Diego Enterprises, Inc. from May 2008 to March 2009, and again from June 2009 to July 2009. Plaintiff was employed by AgencyOne, Inc. from July 2009 to May 2010, from July 2010 to June 2011, from July 2011 to September 2011, and from October 2011 to April 2012. Plaintiff was employed by JWilliams Staffing, Inc. from September 2011 to October 2011.

      Plaintiff contends that Defendants have failed to show the relevance of Plaintiff's employment records that predate her work for Defendants. (Dkt. No. 111-3 at 4.) The Court agrees, as it cannot discern the relevance of these requests, and Defendants have not filed a response to the Fourth Motion explaining the relevance. *See Chevron Corp.*, 2013 WL 4536808, at \*4; Fed. R. Civ. P. 26(b)(2)(C). Thus, the unopposed Fourth Motion should be granted. *See* Local Rule 7-12.

      Accordingly, the subpoenas served on KLC San Diego Enterprises, Inc., AgencyOne, Inc., and JWilliams Staffing, Inc. are **QUASHED**.

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  CV 18-06157 JAK (RAO)                                    Date:  April 25, 2019
Title:     Alice Vysata v. Marc Menowitz, et al.

    **E.**    **Attorneys' Fees and Costs**

Plaintiff requests that Defendants pay Plaintiff's attorneys' fees and costs associated with her Second, Third, and Fourth Motions.  (Dkt. No. 100-1 at 10-11; Dkt. No. 111 at 1; Dkt. No. 111-3 at 4; Dkt. No. 121 at 2, 13-14.)  Defendants have not opposed these requests.  (*See generally* Dkt. No. 119 (Opposition to Second Motion), Dkt. No. 121 (Joint Stipulation for Third Motion).)

Because the Court grants Plaintiff's Second, Third, and Fourth Motions in full, Plaintiff's unopposed requests for attorneys' fees and costs are **GRANTED**.  *See* Fed. R. Civ. P. 45(d)(1); Local Rule 7-12.  *Cf.* Fed. R. Civ. P. 37(a)(5)(A).

    **III.**    **CONCLUSION**

Plaintiff's First, Second, Third, and Fourth Motions are **GRANTED**.  The subpoenas served on Audrey Yeboah, Skyline Financial Corp., United Wholesale Mortgage, United Shore Financial Services, LLC, Shore Financial Services, Inc., Justin J. DeJoseph, Garden State Home Loans, Inc., Verizon, KLC San Diego Enterprises, Inc., AgencyOne, Inc., and JWilliams Staffing, Inc. are hereby **QUASHED**.

Defendants are **ORDERED** to return any documents that were produced pursuant to these subpoenas and are **ORDERED** to destroy all additional copies in their possession, custody, or control.  Further, Defendants are prohibited from using or disclosing the information contained in the documents.  **Counsel for Defendants shall submit a declaration by May 2, 2019, stating whether any production has already occurred, and, if so, confirming that all documents and copies have been returned or destroyed.**

Plaintiff's requests for fees and costs are **GRANTED**.  Plaintiff's counsel shall file a declaration of reasonable attorneys' fees and costs incurred in connection with the Second, Third, and Fourth Motions by **May 2, 2019**.  Defendants may file a response within 7 days of service of Plaintiff's declaration.

    **IT IS SO ORDERED.**

                                                                                            :
Initials of Preparer    dl